

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2008

# In Re: Taveras

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Taveras " (2008). *2008 Decisions*. Paper 1137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

with this Court, asking us to compel the District Court to rule on his § 2255 motion. The Government has filed a response, informing us that on January 23, 2008, the District Court dismissed Taveras's § 2255 motion as untimely.

A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the writ and that he has "no other adequate means" to obtain the relief desired. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992). Mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the "manner in which a court disposes of cases on its docket is within its discretion," In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

We cannot say that the District Court abused its discretion here. Although there were delays, the District Court has ruled on Taveras's § 2255 motion. Accordingly, the petition for writ of mandamus is denied. To the extent that Taveras

2

seeking to compel the District Court to rule upon his § 2255 motion and his motion for an extension.

By order entered April 7, 2008, the District Court dismissed Taveras's § 2255 motion as untimely and denied his motion for an extension. Because Taveras has now received the relief he sought in filing his mandamus petition—namely, a ruling on his pending motions—we will deny the petition as moot.